UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Tony L. Ellison

    v.                                        Civil No. 07-cv-131-SM

New Hampshire Department
of Corrections, et al.[1]

**O R D E R**

Before the Court is pro se[2] plaintiff Tony Ellison's complaint, filed pursuant to 42 U.S.C. § 1983, alleging that the defendants have violated rights guaranteed to him by both federal and state law. The matter is before me for preliminary review to determine, among other things, whether the complaint has stated any claim upon which relief might be granted. See United States

---

[1] In addition to the New Hampshire Department of Corrections ("DOC") and DOC Commissioner William Wrenn, Ellison names the following New Hampshire State Prison employees as defendants to this action: H-Building Unit Manager Marquis (first name unknown ("FNU")), Warden Bruce Cattell, Deputy Warden Greg Crompton, Head of Security Mjr. FNU Cunningham, South Unit Manager Lucie Biledeau, South Unit Counselor Robert McGrath, Head of Classification Rick Manseau, Hancock Building Head of Security Lt. FNU Whittan, Sgt. C. Pelletier, Sgt. FNU Lirette, Lt. FNU Boyajian, Lt. FNU Hogan, and Hearings Officers Lt. FNU Guimond, and Sgt. FNU Hickman.

[2] I recognize that Ellison does not believe that he is proceeding pro se, but that he is representing himself as his own sovereign entity, entitled to file complaints on behalf of his sovereignty. Ellison's complaint has, however, been filed pro se, which means that he is representing himself in this action.

District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2)(A). For the reasons fully explained in my Report and Recommendation, issued simultaneously with this Order, I find that Ellison has sufficiently stated claims for endangerment and failure to protect to allow those claims to proceed against defendants Biledeau, McGrath, Marquis, Whittan, Cunningham, Cattell, Crompton and Wrenn.[3]

As I find that plaintiff has stated a claim upon which relief may be granted, I order the complaint (document no. 1) be served on defendants. The Clerk's office is directed to serve the New Hampshire Office of the Attorney General (AG), as provided in the Agreement On Acceptance Of Service, copies of this order, the Report and Recommendation, and the complaint (document no. 1). See LR 4.3(d)(2)(C). Within thirty days from receipt of these materials, the AG will submit to the court an Acceptance of Service notice specifying those defendants who have authorized the AG's office to receive service on their behalf. When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

---

[3] In my Report and Recommendation, I recommend dismissal of the remaining claims and defendants from this action.

As to those defendants who do not authorize the AG's office to receive service on their behalf, or whom the AG declines to represent, the AG shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants. The Clerk's office is instructed to complete service on these individuals by sending to them, by certified mail, return receipt requested, copies of these same documents.

Defendants are instructed to answer or otherwise plead within twenty days of acceptance of service. See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:   October 9, 2007

cc:    Tony L. Ellison, pro se